**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0060n.06

No. 08-4731

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 29, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MERLIN HILL, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellant, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| v. | ) | |
| | ) | |
| HILDA L. SOLIS, in her Official Capacity as the | ) | |
| Secretary of the United States Department | ) | |
| of Labor, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: MERRITT, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. In this employment discrimination action, plaintiff Merlin Hill appeals the district court's grant of summary judgment to the defendant employer. Hill, an African-American male, alleges that his employer discriminated against him on account of his race by promoting Mark Stewart, a white male, over Hill. The district court, however, properly determined that Hill failed to create a genuine issue of material fact that the DOL's proffered reason for promoting Stewart over Hill—Stewart's superior qualifications—was a pretext for discrimination.

Hill, an African-American male, has worked since 2001 in a Department of Labor (DOL) division that adjudicates workers' compensation claims based on nuclear arms production. In April 2006, Hill became a branch manager in the DOL's Final Adjudication Branch office in Cleveland, Ohio, a GS-13 position in which Hill supervised four claims examiners and several other employees. Hill's supervisor was LuAnn Kressley, Chief of the DOL's Final Adjudication Branch for the

Division of Energy Employees Occupational Illness Compensation in Washington, D.C. In an October 2006 performance evaluation, Kressley rated Hill a "highly effective" supervisor overall, the second highest rating, and rated Hill's leadership, resource management, and coalition-building/communication as "exceed[ing expectations]," the highest rating. Kressley rated Hill's problem-solving/initiative as "meet[ing expectations]," the second highest rating, and she noted that Hill's resolution of labor/management problems had improved the quality and timeliness of the office's decisions, and that Hill had "made substantial progress in learning [Final Adjudication Branch] procedures and operations" and "ha[d] shown a willingness to learn from his mistakes." In an October 2006 email responding to Kressley's request for a self-assessment, Hill noted that he had resolved the office's labor/management problems, that he "had quite a bit on [his] plate" as branch manager, and that he had "expended a significant amount of effort keeping [his] head above water as [he] learn[ed] the job as well as ke[pt] up with the day to day operation of the office." According to Kressley's affidavit, during Hill's first ten months as branch manager (April 2006 to January 2007), he resisted national oversight, refused to accept responsibility for his mistakes, was not a team player, and lacked adequate legal knowledge.

In three sequential online postings from September to December 2006, Kressley listed an opening for a Supervisory Workers' Compensation Claims Examiner in the DOL's Final Adjudication Branch office in Jacksonville, Florida, a GS-14 position. Kressley closed the first two postings because, she later stated, they failed to attract enough applicants. The first and second postings prompted five eligible applicants, and the third posting prompted six eligible applicants, one of whom withdrew before interviewing. Hill applied for the position upon all three postings.

Stewart applied only upon the third posting. After the third posting, Kressley interviewed five candidates, including Hill and Stewart, and promoted Stewart to the Jacksonville position in February 2007.

Stewart, a white male, had five years' experience in the DOL's Jacksonville office as a hearing representative, a non-supervisory position. Kressley stated that Stewart had "established himself as a respected leader within the Jacksonville . . . office who provided daily mentoring to other Jacksonville . . . staff, produced large numbers of high quality decisions, served as a learned resource for [energy] law, regulation and procedures, and served as acting manager on many occasions." Kressley explained that "[b]ecause of the changes that the Jacksonville office had experienced in the preceding 5 months, [she] believed it was important for that office to have a manager who was known and respected by the staff, exceptional in his knowledge of [energy] law, regulations, and procedures, and had demonstrated throughout his tenure with the [Final Adjudication Branch] that he . . . was a team player who worked well with staff, and with other managers." An October 2006 evaluation of Stewart's performance in a non-supervisory capacity rates him "exemplary" overall, noted that he "continuously and carefully prepares a quality work product," "ensure[s] that his hearings are productive and as helpful as possible to the claimant," and is "an excellent mentor" who helped "in large part" to increase the quality of the Jacksonville office's decisions.

Hill has not created a genuine issue of material fact that the DOL's proffered reason for promoting Stewart—Stewart's superior qualifications—was a pretext for discrimination; therefore

the DOL[1] was entitled to summary judgment. Hill presents his case under the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and the DOL concedes that Hill has established a prima facie case in that framework. The DOL argues that it had a legitimate, non-discriminatory reason for promoting Stewart, Stewart's superior qualifications, and therefore the only issue on appeal is whether Hill has raised a triable issue of fact that this proffered reason is a pretext for discrimination.

A plaintiff demonstrates pretext by showing "that the employer's stated reason for the adverse employment action either (1) has no basis in fact, or (2) was not the actual reason, or (3) is insufficient to explain the employer's action." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 (6th Cir. 2008). "[T]o survive summary judgment a plaintiff need only produce enough evidence to support a prima facie case and to rebut, but not to disprove, the defendant's proffered rationale;" therefore, when the defendant proffers a legitimate, non-discriminatory reason for its action, the plaintiff "d[oes] not need to produce additional evidence to support a finding of pretext; the evidence that he produced in support of his prima facie case may, but will not necessarily, suffice to show a genuine issue of material fact concerning pretext." *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 532, 533 (6th Cir. 2007). Relative qualifications may establish a triable issue of fact as to pretext if the evidence shows that either (1) the plaintiff's qualifications "were so significantly better than the successful applicant's qualifications that no reasonable employer would have chosen the

---

[1]In an employment discrimination action against an executive agency, the proper defendant is the agency's head. 42 U.S.C. § 2000e-16(c). When Hill filed his claim, the DOL's head was Elaine Chao and she was the defendant in this case. Because Solis now heads the DOL, Solis is substituted for Chao. *See* Fed. R. App. P. 43(c)(2).

latter applicant over the former," or (2) the plaintiff was "as qualified as or better qualified than the successful applicant" and the record also contains "other probative evidence of discrimination." *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627-28 (6th Cir. 2006).

Hill's qualifications were not so significantly better than Stewart's that no reasonable employer would have chosen Stewart over Hill because a reasonable employer could conclude that Stewart's strongly positive, Jacksonville-specific experience made him more qualified than Hill, who had no Jacksonville experience and whose Cleveland experience was less positive. Though a reasonable employer could also conclude that Hill's supervisory experience makes him more qualified than Stewart, summary judgment to the DOL is appropriate because "[i]f two reasonable decisionmakers could . . . arrive at opposite conclusions as to who is more qualified, then clearly one candidate's qualifications are not significantly better than the other's." *See id.* at 628.

Though Hill may have been well qualified or as qualified as Stewart, he has failed to show a genuine issue of material fact as to pretext because Hill's other evidence—multiple postings for the position and discrepancies between Kressley's affidavit and the 2006 evaluation—is not probative of discrimination. Kressley's explanation for the multiple postings—that the first two postings did not attract enough qualified applicants—is supported by the fact that the third posting did prompt more qualified applicants than the second. Moreover, others also applied for the position multiple times but were ultimately unsuccessful, indicating that Hill was not singled out and denied the promotion based on his race. Alleged discrepancies between Kressley's 2006 evaluation of Hill and her affidavit are also not probative of discrimination because both the affidavit and the evaluation indicate Hill's performance in Cleveland was problematic, and Hill's self-evaluation

email supports the existence of such performance problems. Hill alleges four discrepancies: (1) the evaluation notes that Hill established labor/management harmony in the Cleveland office, but the affidavit notes that Hill resisted national oversight; (2) the evaluation notes that Hill learned from his mistakes, but the affidavit notes he was unwilling to accept responsibility for his mistakes; (3) the evaluation notes that Hill's office produced timely, well-written opinions, but the affidavit notes that his understanding of the relevant law was lacking; and (4) the evaluation notes that Hill's coalition-building skills exceeded expectations, but the affidavit notes that he was not a team player. The first two alleged discrepancies are not discrepant because an office's internal labor/management harmony does not preclude resistence to external, national oversight, and a person can learn from mistakes without admitting responsibility. The third and fourth alleged discrepancies do not show discrimination. Kressley's criticism of Hill's legal knowledge is supported by Hill's own self-assessment email. Nothing else in the record supports or contradicts Kressley's statements regarding Hill's coalition-building skills, but this fact alone does not create a genuine issue of material fact as to pretext.

These alleged discrepancies also do not permit a reasonable juror to question Kressley's honest belief that Stewart was more qualified than Hill because Stewart's strongly positive October 2006 evaluation "establish[es Kressley's] reasonable reliance on the particularized facts that were before [her] at the time the decision was made" and Hill has failed to "produce proof to the contrary." *See Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 713 (6th Cir. 2007) (quotation marks omitted) (internal citations omitted). Though Stewart's evaluation rates his performance in a non-supervisory capacity, that evaluation is relevant to his qualifications for the Jacksonville position

because Kressley did not base her promotion decision solely on supervisory skills, and Stewart's evaluation supports the stated basis for her decision, Stewart's strongly positive, Jacksonville-specific experience. Moreover, Hill does not suggest that Stewart's evaluation was inaccurate. Therefore Hill has failed to create a triable issue of fact as to Kressley's honest belief that Stewart was more qualified than Hill.

Kressley's decision to post the Jacksonville position three times while giving Hill a positive performance evaluation does not create a genuine issue of material fact as to pretext because the evaluation notes Kressley's reservations about Hill's performance. Hill also criticizes the DOL's reliance on selected emails to support Kressley's decision, and notes that Kressley did not mention these emails in the performance evaluation. However, he presents no evidence to suggest that these emails are not indicative of his conduct as a branch manager in Cleveland. Therefore, Hill has failed to create a genuine issue of material fact as to pretext because he has failed to establish that the DOL's proffered reason for promoting Stewart rather than Hill—their relative qualifications—had no basis in fact, was not the actual reason, or was not sufficient to explain the DOL's action.

Granting summary judgment to the DOL is consistent with *White*, a race-based failure-to-promote case, in which we held that the plaintiff survived summary judgment by presenting evidence that his qualifications were "arguably superior" to those of the successful applicant plus other probative evidence of discrimination, specifically "signs of a discriminatory animus toward African-Americans" in the workplace. 533 F.3d at 394-95, 385. The suit arose after the employer promoted a white female instead of the plaintiff, an African-American male, and the employer argued that its decision was based on the applicants' relative qualifications. In addition to presenting relative

qualifications evidence, the plaintiff demonstrated "signs of a discriminatory animus" in the workplace by introducing evidence that his supervisor had said "nobody wants to be around a black man" and had called another employee "that black girl." *Id.* at 385. Because Hill presents no comparable evidence of discrimination to augment his relative qualifications evidence, granting summary judgment for the DOL in this case is consistent with *White*.

It is true that in some circumstances a factfinder may infer discrimination based on a rejection of the defendant's proffered reason for the adverse action. *See Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). According to these cases, all decided on post-trial motions, after rejecting the defendant's proffered reason for the challenged action, the factfinder is permitted, but not required, to infer pretext. *Kline*, 128 F.3d at 347; *Hicks*, 509 U.S. at 511, 514-15; *Reeves*, 530 U.S. at 146. "Whether judgment as a matter of law is appropriate . . . will depend on a number of factors. . . . [including] the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law," *Reeves*, 530 U.S. at 148-49. In the present case, however, the factfinder could not infer pretext because Hill's prima facie case is weak and the record contains no other indication of discrimination.

For the foregoing reasons, the district court's judgment is affirmed.